IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT DIABETES CARE INC.,      ) | |
|             ) | |
|       Plaintiff,      ) | |
|             ) | |
|     v.          ) | C.A. No. _____ |
|             ) | |
| DEXCOM, INC.,          ) | **JURY TRIAL DEMANDED** |
|             ) | |
|       Defendant.     ) | |

## COMPLAINT

Plaintiff Abbott Diabetes Care Inc., by and through its undersigned attorneys, complains as follows:

### Nature of Action

1.      This is an action for patent infringement under 35 U.S.C. § 271 involving United States Patent No. 8,175,673 (the "'673 patent").

### Jurisdiction and Venue

2.      Jurisdiction for this action is based on 28 U.S.C. §§ 1331 and 1338(a).

3.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

4.      This Court has personal jurisdiction over the Defendant because, among other things, it is organized under the laws of Delaware.

### Parties

5.      Abbott Diabetes Care Inc. ("Abbott") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Alameda, California.

6.      DexCom, Inc. ("DexCom") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in San Diego, California.

**Background**

7.      On May 8, 2012, the United States Patent and Trademark Office ("PTO") duly and legally issued the '673 patent, entitled "Analyte Monitoring Device and Methods of Use," to named inventors James Say, Michael F. Tomasco, Adam Heller, Yoram Gal, Behrad Aria, Ephriam Heller, Phillip John Plante, Mark S. Vreeke, Keith A. Friedman, Fredric C. Colman. Abbott is the assignee and owner of the '673 patent. A true and correct copy of the '673 patent is attached hereto as Exhibit A.

8.      DexCom is and has been making, using, selling, and offering for sale in the United States continuous glucose monitoring systems, including DexCom's SEVEN PLUS Continuous Glucose Monitoring System and DexCom's G4 PLATINUM Continuous Glucose Monitor. When the systems are used in the manner intended by DexCom, the user practices the invention claimed in the'673 patent.

9.      DexCom received FDA approval to market its DexCom SEVEN PLUS Continuous Glucose Monitoring System in February 2009. DexCom has been making, using, offering for sale and/or selling its SEVEN PLUS device in the United States since that date.

10.      On October 8, 2012, DexCom announced that it had received FDA approval to market its G4 PLATINUM Continuous Glucose Monitoring System. DexCom has been making, using, offering for sale and/or selling its G4 PLATINUM system in the United States since that date. A true and correct copy of the press release announcing the FDA's approval and DexCom's intentions is attached hereto as Exhibit B.

11.      DexCom provides a tutorial for operating the G4 PLATINUM system on a website owned and operated by DexCom. The tutorial is available at <http://www.DexCom.com/faq/inserting-your-sensor-DexCom-g4-platinum-tutorial>.

12.     Several technical manuals, including a "User Guide" and "Quick Start Guide" for the Seven Plus and G4 PLATINUM systems, are available for download on a website owned and operated by DexCom. The materials are available at <http://www.DexCom.com/cgm-education>.

13.     Independent claim 1 of Abbott's '673 patent provides as follows:

A method of using an electrochemical sensor, the method comprising:

> adhering a mounting unit to a skin of a subject;

> after adhering the mounting unit to the skin of the subject, advancing the electrochemical sensor into the skin of the subject using an inserter;

> removing the inserter;

> mounting a housing of a sensor control unit to the mounting unit; and

> coupling at least one conductive contact disposed on the housing with at least one conductive contact of the electrochemical sensor.

14.     When DexCom's Seven Plus and G4 PLATINUM systems are used in the manner intended by DexCom, the user uses an electrochemical sensor, including in the following manner:

> a.     a mounting unit is adhered to a skin of a subject;

> b.     after the mounting unit is adhered to the skin of the subject, the electrochemical sensor is advanced into the skin of the subject using an inserter;

> c.     the inserter is removed;

> d.     a housing of a sensor control unit is mounted to the mounting unit;

e.      at least one conductive contact disposed on the housing is coupled with at least one conductive contact of the electrochemical sensor.

15.      Independent claim 24 of Abbott's '673 patent provides as follows:

A method of using an electrochemical sensor, the method comprising:

aligning an inserter with a portion of a mounting unit, the inserter configured to carry an electrochemical sensor therewith;

adhering a mounting unit to a skin of a subject;

after adhering the mounting unit to the skin of the subject, advancing the electrochemical sensor into the skin of the subject relative to the mounting unit using the inserter;

mounting a housing of a sensor control unit to the mounting unit; and

coupling at least one conductive contact disposed on the housing with at least one conductive contact of the electrochemical sensor.

16.      When DexCom's Seven Plus and G4 PLATINUM systems are used in the manner intended by DexCom, the user uses an electrochemical sensor, including in the following manner:

a.      an inserter is aligned with a portion of a mounting unit;

b.      the inserter is configured to carry an electrochemical sensor therewith;

c.      a mounting unit is adhered to the skin of a subject;

d.      after adhering the mounting unit to the skin of the subject, the electrochemical sensor is advanced into the skin of the subject relative to the mounting unit using the inserter;

e.      a housing of a sensor control unit is mounted to the mounting unit; and

f.      at least one conductive contact disposed on the housing is coupled with at

least one conductive contact of the electrochemical sensor.

17.     On information and belief, DexCom is and has been aware of the Abbott's '673

patent since the May 8, 2012, when the patent issued. DexCom is and has been aware that use of

its continuous glucose monitoring systems, including DexCom's Seven Plus and G4

PLATINUM systems, practices the inventions claimed in the '673 patent.

18.     On September 7, 2012, DexCom filed a Request for *Inter Partes* Reexamination

of the '673 patent with the PTO, presenting twenty six proposed rejections. On November 13,

2012, the PTO denied DexCom's Request, finding that there is "no reasonable likelihood that

[DexCom] would prevail with respect to the proposed rejections." On December 13, 2012,

DexCom petitioned the Director of the PTO to review the order denying DexCom's Request for

*Inter Partes* Reexamination. The Director of the PTO conducted a *de novo* review of the record

and, on February 19, 2013, denied DexCom's petition, confirming "that the request for

reexamination did not establish that there is a reasonable likelihood that the requester will

prevail."

19.     Despite its knowledge of the '673 patent and despite the PTO's rejection of

DexCom's request for Reexamination, DexCom has been and is continuing to develop, promote,

make, use, sell and offer for sale devices that, when used in the manner intended by DexCom,

practice the invention claimed in the '673 patent.

## COUNT I
### DECLARATION OF PATENT INFRINGEMENT – '673 PATENT

20.     Abbott re-alleges and incorporates herein the allegations of paragraphs 1 through

19.

21.     There is an actual, substantial, continuing justiciable controversy between Abbott and DexCom regarding whether DexCom has infringed the '673 patent.

22.     DexCom has, in violation of 35 U.S.C. § 271(a), directly infringed the '673 patent by making, using, offering to sell and selling its products, including the DexCom SEVEN® PLUS Continuous Glucose Monitoring System and the G4™ PLATINUM Continuous Glucose Monitoring System in the United States.

23.     DexCom has, in violation of 35 U.S.C. § 271(b), actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '673 patent by intentionally aiding and abetting third parties' practicing of the inventions claimed in the '673 patent through, among other things, DexCom's sale, advertising, marketing, sales, distribution, tutorials, technical manuals and other dissemination of information concerning DexCom's SEVEN® PLUS Continuous Glucose Monitoring System and G4™ PLATINUM Continuous Glucose Monitoring System.

24.     DexCom has, in violation of 35 U.S.C. § 271(c), contributorily infringed the '673 patent by intentionally aiding and abetting third parties' practicing of the inventions claimed in the '673 patent through, among other things, DexCom's sale, advertising, marketing, sales, distribution, tutorials, technical manuals and other dissemination of information concerning DexCom's SEVEN® PLUS Continuous Glucose Monitoring System and G4™ PLATINUM Continuous Glucose and Monitoring System. DexCom's devices are used in practicing the invention claimed in the '673 patented and constitute a material part of the invention claimed in the '673 patent. DexCom's devices are especially made or especially adapted for use in a manner that infringes the '673 patent, and DexCom's devices are not a staple article or commodity of commerce suitable for substantial noninfringing uses.

25.     DexCom's infringement of the '673 patent is and continues to be willful. DexCom is and has been continuing its infringement of Abbott's '673 patent despite DexCom's knowledge of Abbott's '673 patent, despite DexCom's knowledge of its infringement, and despite the PTO's denial of DexCom's Request for *Inter Partes* Reexamination.

## Relief Requested

WHEREFORE, Plaintiff Abbott Diabetes Care Inc. prays that the Court enter judgment against Defendant DexCom, Inc. and in favor of Abbott Diabetes Care Inc. as follows:

A.     Judgment that DexCom's product infringes one or more claims of the '673 patent, directly and by way of inducing and contributory infringement;

B.     An award of damages and an accounting for DexCom's infringement of the '673 patent, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

C.     Judgment that DexCom's infringement has been willful and an award of treble;

D.     Judgment that the case is exceptional and an award of reasonable attorneys' fees under 35 U.S.C. § 285;

E.     Injunctive relief against DexCom's infringement of the '673 patent;

F.     For such other relief as the Court determines to be just and proper.

- 8 -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
  *Attorneys for Abbott Diabetes Care Inc.*

OF COUNSEL:

Guy Ruttenberg
RUTTENBERG IP LAW, PC
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 556-9651

December 31, 2013
7854681